MICHAEL J. AGOGLIA (CA SBN 154810)
STUART C. PLUNKETT (CA SBN 187971)
RITA F. LIN (CA SBN 236220)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
E-mail: magoglia@mofo.com

Attorneys for Defendant
PMI MORTGAGE INSURANCE CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE HOGAN, DAVID HOGAN, KAY CARTWRIGHT, and WILLIAM CARTWRIGHT, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PMI MORTGAGE INSURANCE CO.,<br><br>Defendant. | Case No. C 05 3851 PJH<br><br>**CLASS ACTION**<br><br>**CONSENT ORDER** |

This matter having come before the Court on December 13, 2006, and April 4, 2007 upon the motion of Representative Plaintiffs for preliminary and final approval of a settlement reached between the Parties, and upon review and consideration of the Settlement Agreement and the exhibits thereto, the evidence and arguments of counsel presented at the Court Approval Hearing held on April 4, 2007, the memoranda filed with the Court, and for other good cause having been shown, the Court finds that this settlement is the product of arms' length negotiation and is fair, adequate, and reasonable, in part, because its terms comply with both the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA") and the Consumer Credit Reporting Agencies Act, California Civil Code § 1785 *et seq*. ("CCRAA"). IT IS HEREBY ORDERED and ADJUDGED, as follows:

1.      The definitions set forth in the Settlement Agreement are hereby incorporated by reference into this Consent Order.  Capitalized terms in this Consent Order shall have the same meaning as in the Settlement Agreement.  Furthermore, as used in this Consent Order, the terms "Adverse Action Notice" shall mean a notice substantially in the form as Exhibit A hereto.

3.      This Consent Order is contingent upon Final Approval, and shall not become effective until the Final Approval Date.  Further, in the event that Final Approval does not occur for any reason, this Consent Order shall be null and void *ab initio*.

4.      For a period of three (3) years commencing after the Final Approval Date or until October 1, 2009, whichever comes earlier, PMI shall provide Adverse Action Notices, or otherwise cause an Adverse Action Notice to be provided, to all persons who paid to his or her mortgage lender all or a portion of the premium for a Borrower-paid mortgage insurance coverage issued during the period of this Order by PMI to a mortgage lender, where the premium for that mortgage insurance was higher based upon information in that individual's Credit Report.

5.      In light of the uncertainty raised by Plaintiffs regarding the proper application of the FCRA, the CCRAA and other applicable law to PMI's practices, and PMI's agreement to the terms of this Consent Order as part of the relief provided under the Court-approved Settlement Agreement, to the extent that PMI engages in conduct in conformity with this Consent Order, such conduct shall be deemed to be in compliance with the FCRA and the CCRAA, and PMI shall not be the subject to further liability for such conduct.

6.      Defendant shall be deemed in compliance with paragraph 4 of this Consent Order so long as it provides the required Adverse Action Notices, and without regard to whether such Notices are received by individual borrowers.

7.      In the event that during the period of this Consent Order: (a) changes occur in federal or state law pertaining to FCRA; (b) changes in federal or state law render PMI's compliance with this Consent Order illegal and/or impracticable; or (c) changes in federal or state law substantively altering PMI's obligations, if any, with respect to the provision of adverse action notices from those contained in this Consent Order, PMI shall be entitled to conform its practices accordingly.  In each such instance, PMI shall provide advance written notice of the

change in practice to Class Counsel. If Class Counsel, acting in good faith, disagree that the proposed change is consistent with changes to law, they shall within fifteen days (15) provide to Counsel for Defendant written notice of any objections to the proposed change in practices and the reasons for same. Thereafter, PMI may only implement the proposed change in practice upon resolution of a noticed motion to this Court, served on Class Counsel, which may request that the Court amend the terms of this Consent Order, or, alternatively, dissolve this Consent Order, provided, however, that any such request shall be based upon: (a) changes in federal or state law pertaining to FCRA; (b) changes in federal or state law rendering PMI's compliance with this Consent Order illegal and/or impracticable; (c) changes in federal or state law substantively altering PMI's obligations, if any, with respect to the provision of Adverse Action Notices from those contained in this Consent Order; and/or (d) a showing good cause for the requested amendment and/or dissolution of this Consent Order. For purposes of this paragraph, "law" shall include any enacted act of Congress or state legislature, any subsequently promulgated rule, statute, regulation, or interpretation, and any court decision or order, concerning law. Nothing in this paragraph shall be construed to prohibit Class Counsel from opposing any Motion by PMI for amendment or dissolution of this Consent Order.

8.  If this Consent Order is not terminated and/or dissolved earlier pursuant to paragraph 6 above, it shall terminate and dissolve by its terms, without need for further judicial action, three (3) years after the Final Approval Date or October 1, 2009, whichever comes earlier.

9.  There shall be no bond posted, in consideration of the nature of the Action.

Dated: ___April 4_____, 2007



_____
The Honorable Phyllis J. Hamilton

IT IS SO ORDERED
Judge Phyllis J. Hamilton