UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE HOGAN, DAVID HOGAN, KAY CARTWRIGHT, and WILLIAM CARTWRIGHT, on Behalf of Themselves and All Others Similarly Situated,<br><br>              Plaintiffs,<br><br>     v.<br><br>PMI MORTGAGE INSURANCE CO.,<br><br>              Defendant. | Case No. C 05 3851 PJH<br><br>**CLASS ACTION**<br><br>**AMENDED FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND DISMISSING ACTIONS** |

**FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND DISMISSING ACTIONS**

This matter having come before the Court on April 4, 2007 upon the Motion of plaintiffs

Michelle Hogan, David Hogan, Kay Cartwright, and William Cartwright ("Plaintiffs"),

individually and on behalf of a class of persons, for final approval of a settlement reached

between the Parties, and upon review and consideration of the Second Amended Settlement

Agreement dated March 30, 2007 (the "Settlement Agreement" or "Agreement") and the exhibits

thereto, the evidence and arguments of counsel presented at the Court Approval Hearing, the

memoranda filed with this Court, and any objections to and comments upon the Settlement, IT IS

HEREBY ORDERED and adjudged as follows:

1.      The Settlement Agreement is hereby incorporated by reference into this Final

Order and Judgment Approving Settlement, Certifying Settlement Class, and Dismissing Actions

("Order"), and is hereby adopted by this Court.  Capitalized terms in this Order shall, unless

otherwise defined, have the same meaning as in the Agreement.

sf-2293052

2.       For settlement purposes only, the Settlement Class is found to meet the relevant

requirements of Fed. R. Civ. P. 23(a) and (b)(3).

3.       Solely for the purpose of the Settlement and pursuant to Fed. R. Civ. P. 23(a) and

(b)(3), the Court hereby finally certifies the following Settlement Class:

> All persons who paid to their mortgage lender all or a portion of the premium for a
> Borrower-paid mortgage insurance coverage issued by Defendant to a mortgage
> lender during the Class Period, where the premium for that mortgage insurance was
> higher based upon information in that individual's Credit Report.

4.       The Court appoints Representative Plaintiffs as representatives of the Settlement

Class, and finds that they meet the requirements of Fed. R. Civ. P. 23.

5.       The Court appoints the following lawyers as counsel to the Settlement Class, and

finds that these counsel meet the requirements of Fed. R. Civ. P. 23:

> Terry A. Smiljanich
> JAMES, HOYER, NEWCOMER & SMILJANICH, P.A.
> One Urban Centre, Suite 550
> 4830 West Kennedy Blvd.
> Tampa, FL  33609-2589
> (813) 286-4100
> (813) 286-4174 (FAX)
>
> Douglas Bowdoin
> Douglas Bowdoin, P.A.
> 255 South Orange Avenue, Suite 800
> Orlando, FL 33801

6.       As set forth in the Class Notice, this Court convened the Court Approval Hearing

on December 13, 2006, in Courtroom 3, 17th Floor, San Francisco, of the United States District

Court for the Northern District of California.

7.       Pursuant to Fed. R. Civ. P. 23(e), the Settlement of the Actions, as embodied in

terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate

settlement of the Actions in light of the factual, legal, practical, and procedural considerations

raised by them.

sf-2293052

8.      The Court finds that notice previously given to Class Members in the Actions was the best notice practicable under the circumstances, and satisfies the requirements of due process and Fed. R. Civ. P. 23.  The Court further finds that, because (a) adequate notice has been provided to all Class Members and (b) all Class Members have been given the opportunity to object to, and/or request exclusion from, the Settlement, the Court has jurisdiction over all Class Members.

9.      After due consideration of Representative Plaintiffs' likelihood of success at trial; the range of Representative Plaintiffs' possible recovery; the complexity, expense, and duration of the litigation; the nature of any opposition to the Settlement; the reaction of Class Members to the Settlement; the state of proceedings at which the Settlement was achieved; the nature of the negotiations leading to the Settlement; the litigation risks to Representative Plaintiffs and the Class Members; all written submissions, affidavits, and arguments of counsel; and after notice and a hearing, this Court finds that the terms of the Settlement and the Agreement, including all exhibits thereto, are fair, adequate, and reasonable, and are in the best interest of the Settlement Class.  Accordingly, the Agreement should be and is approved and shall govern all issues regarding the Settlement and all rights of the Parties, including the Class Members.

10.     Upon consideration of Class Counsel's application for attorneys' fees and litigation costs, the amount of the Attorney Fee/Litigation Cost Award is hereby fixed at $    317,000.00    .  This award covers, without limitation, any and all claims for attorneys' fees and litigation costs incurred by (a) Plaintiffs' Counsel, (b) any other counsel representing (or purporting to represent) Representative Plaintiffs (or any of them) or Class Members (or any of them), and (c) Representative Plaintiffs (or any of them) or the Class Members (or any of them) in connection with or related to any matter in the Actions, the Settlement, the administration of

the Settlement, and any of the matters or claims within the scope of the Release, as embodied in paragraphs 4.1 and 4.2 of the Agreement.

11.     Upon consideration of Representative Plaintiffs' application for an award to Representative Plaintiffs, the amount of the Representative Award is hereby fixed at $__2,000.00__ to Michelle and David Hogan, and $__2,000.00__ to Kay and William Cartwright.

12.     In accordance with the Agreement, and to effectuate the Settlement, Defendant shall cause:

(a)     the Settlement Checks to be provided to Class Members who timely submitted a Valid Claim Form in accordance with the terms of the Agreement;

(b)     the Settlement Administrator to request the Settlement Credit Reports in accordance with the terms of the Agreement;

(c)     the Attorney Fee/Litigation Cost Award made in Paragraph 10 above to be disbursed to Class Counsel in accordance with the terms of the Agreement; and

(d)     the Representative Awards made in Paragraph 11 above to be disbursed to Class Counsel in accordance with the terms of the Agreement.

13.     The Actions and all claims against PMI Mortgage Insurance Co. are hereby dismissed on the merits and with prejudice, and the Clerk is directed to enter this Judgment to that effect in the Actions.  The judgment shall be without costs to any Party.

14.     Representative Plaintiffs, Plaintiffs' Counsel, and each Class Member (except those who are Successful Opt-Outs and appear on a list that is on file with the Court under seal to protect the privacy of those persons, which list is incorporated herein and made a part hereof) shall be forever bound by this Order and the Agreement, including the Release and covenants not to sue set forth in paragraphs 4.1 and 4.2 of the Agreement providing as follows:

sf-2293052

Case 4:05-cv-03851-PJH   Document 85   Filed 04/10/07   Page 5 of 8

4.1     Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, Representative Plaintiffs and each Class Member who is not a Successful Opt-Out from the Settlement Class, and their respective heirs, executors, administrators, successors, representatives, attorneys, agents, partners, assigns, co-obligors, co-guarantors, guarantors, sureties, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including bankruptcy trustees on behalf of creditors or estates of the releasors) (collectively, the "Class Releasing Parties") do hereby unconditionally and irrevocably remise, release, and discharge PMI from, and do hereby unconditionally and irrevocably agree not to commence any judicial action against PMI arising out of, any and all past and present claims, counterclaims, actions, causes of action, lawsuits, set-offs, costs, losses, rights, or liabilities, of whatever kind or character, direct or indirect, whether known or unknown or capable of being known as of the date hereof, whether existing now or to come into existence in the future, arising at law or in equity, by a right of action or otherwise, whether or not they were asserted or could have been asserted in the Action, which the Class Releasing Parties or any of them have, may have, or may come to have, individually or as members of a class, against PMI based on, arising out of, or in any way relating or pertaining to (a) all claims that were asserted, or attempted to be asserted, or could have been asserted, in the Action; (b) PMI's provision of or failure to provide any notice of adverse action under FCRA; (c) PMI's accessing or obtaining of Credit Reports or consumer credit information; (d) PMI's alleged failure to comply with the requirements of FCRA or the CCRAA relating to the provision of adverse action notices or the accessing or obtaining of Credit Reports and/or consumer credit information; (e) written and oral disclosures, representations, omissions, or statements concerning the use or potential use of consumer Credit Reports and/or consumer credit information in the pricing of mortgage insurance policies; and (f) written and oral disclosures, representations, omissions, or statements made in connection with accessing or obtaining consumer Credit Reports and/or consumer credit information. This Release shall not be construed to release or waive any claims, counterclaims, actions, causes of action, lawsuits, set-offs, costs, losses, rights, or liabilities that the Representative Plaintiffs and Class Members do not have the power or authority to remise, release, or discharge. This Release shall be included as part of any judgment, so that all released claims and rights shall be barred by principles of *res judicata*, collateral estoppel, and claim and issue preclusion. This Release shall not be construed as affecting any claims regarding conduct that occurs after the Final Approval Date.

4.2     In addition to the provisions of paragraph 4.1, the Class Releasing Parties hereby expressly agree that, upon Final Approval, each will waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to paragraph 4.1. Section 1542 of the California Civil Code reads:

sf-2293052

**Section 1542.  <u>General Release, extent</u>.  A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

Whether a beneficiary of California law or otherwise, Representative Plaintiff and each of the Class Releasing Parties acknowledges that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of paragraph 4.1, but each of those individuals expressly agrees that, upon entry of the final judgment contemplated by this Settlement Agreement, he and she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to paragraph 4.1, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.  This Release shall not be construed as affecting any claims regarding conduct that occurs after the Final Approval Date.

15.     The Release set forth in paragraph 14 above and in the Agreement shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, and other proceedings maintained by or on behalf of Representative Plaintiffs, Class Members (except the Successful Opt-Outs), and/or the Class Releasing Parties concerning matters and claims that were or could have been asserted in the Actions, and/or are encompassed within the scope of the Release, as embodied in paragraphs 4.1 and 4.2 of the Agreement.

16.     PMI Mortgage Insurance Co. is hereby released and forever discharged by Representative Plaintiffs, Class Members (except the Successful Opt-Outs), and the Class Releasing Parties from all matters and claims within the scope of the Release, as embodied in paragraphs 4.1 and 4.2 of the Agreement.

17.     Representative Plaintiffs, Plaintiffs' Counsel, and each and every Class Member who is not a Successful Opt-Out are permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against PMI Mortgage Insurance Co. or any Released Person any claim that was brought in the Actions, or for which a release and covenant not to sue is being given under the Agreement.

18.     This Order, the Agreement, any document referred to herein, any action taken to carry out this Order, any negotiations or proceedings related to any such documents or actions, and the carrying out of and entering into the terms of the Agreement, shall not be construed as, offered as, received as, or deemed to be evidence, impeachment material, or an admission or concession with regard to any fault, wrongdoing, or liability on the part of Defendant whatsoever in the Actions, or in any other judicial, administrative, regulatory action, or other proceeding, *provided*, *however*, this Order may be filed in any action or proceeding against or by PMI Mortgage Insurance Co. to enforce the Agreement or to support a defense of *res judicata*, collateral estoppel, release, accord and satisfaction, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19.     The Parties may, by mutual agreement, amend, modify, or expand the provisions of the Agreement, including all exhibits thereto, subject to the conditions and limitations set forth in the Agreement.

20.     In the event that Final Approval is not achieved for any reason, then the Agreement, this Order, the certification of the Settlement Class, and all other terms herein, together with any other orders or rulings arising from or relating to the Agreement, shall be rendered null and void and be vacated.

21.     Except as expressly provided for in this Order, the Settlement Agreement shall govern all matters incident to the administration of the Settlement hereafter, including as to deadlines, until further order of this Court or agreement of the Parties.

22.     Without in any way affecting the finality of this Order and Judgment for purposes of appeal, this Court hereby retains jurisdiction as to all matters relating to the interpretation,

-7-

sf-2293052

-8-

administration, implementation, effectuation, and/or enforcement of the Agreement and/or this

Order.

Dated: ___April 4, 2007___

        San Francisco, California



_____

Phyllis J. Hamilton UNITED STATES DISTRICT

COURT JUDGE NORTHERN DISTRICT OF

CALIFORNIA

sf-2293052